**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DERRICK M. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV551 |
| | ) | |
| SHERIFF CLARENCE F. BIRKHEAD, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| DERRICK M. ALLEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV708 |
| | ) | |
| STEVE SCHEWEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| DERRICK ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV60 |
| | ) | |
| AMTRAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| DERRICK M. ALLEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV199 |
| | ) | |
| SUSAN FRIMPONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

```
DERRICK ALLEN, SR.,              )
                                 )
              Plaintiff,         )
                                 )
         v.                      )        1:22CV280
                                 )
DR. JUDITH A. FORTNEY, et al.,   )
                                 )
              Defendants.        )


DERRICK ALLEN,                   )
                                 )
              Plaintiff,         )
                                 )
         v.                      )        1:22CV750
                                 )
GUILFORD TECHNICAL COMMUNITY     )
COLLEGE, et al.,                 )
                                 )
              Defendants.        )


DERRICK ALLEN,                   )
                                 )
              Plaintiff,         )
                                 )
         v.                      )        1:22CV888
                                 )
ORANGE CO. SHERIFF DEPT., et al.,)
                                 )
              Defendants.        )


DERRICK ALLEN,                   )
                                 )
              Plaintiff,         )
                                 )
         v.                      )        1:22CV940
                                 )
UNC ADAMS SCHOOL OF DENTISTRY,   )
et al.,                          )
                                 )
              Defendants.        )
```

2

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Applications to Proceed in District Court without Prepaying Fees or Costs filed by Plaintiff in each of the eight, above-captioned cases (which he instituted from July 2, 2021, to November 7, 2022). (1:21CV551, Docket Entry 1; 1:21CV708, Docket Entry 1; 1:22CV60, Docket Entry 1; 1:22CV199, Docket Entry 1; 1:22CV280, Docket Entry 1; 1:22CV750, Docket Entry 1; 1:22CV888, Docket Entry 1; 1:22CV940, Docket Entry 1.) Because Plaintiff repeatedly has commenced meritless civil actions in this Court as a pauper (undeterred by clear instructions to cease his abusive litigation activities and the consequences of his failure to do so), the Court will deny the instant Applications.

## Legal Background

By statute, "[t]he clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350," 28 U.S.C. § 1914(a), and "shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States," 28 U.S.C. § 1914(b); see also 28 U.S.C. § 1914 addendum, Judicial Conference Schedule of Fees (Dec. 1, 2020) (imposing "[a]dministrative fee for filing a civil action [of] . . . $52"). "The federal in forma pauperis ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible

3

for him to pay [such fees]." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (italics and internal quotation marks omitted); see also 28 U.S.C. § 1915(a)(1) ("Subject to subsection (b), any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person . . . unable to pay such fees or give security therefor."). "Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing [IFP do] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

In other words, "paupers filing pro se petitions are not subject to the financial considerations – filing fees [among them] — that deter other litigants from filing frivolous petitions." In re McDonald, 489 U.S. 180, 184 (1989). "Permitting indigent litigants to avoid filing fees, therefore, risk[s] encouraging suits that these fees might otherwise have deterred." Nagy, 376 F.3d at 255; see also Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) ("[The non-indigent] cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system."); In re Diet Drugs, 325 F. Supp. 2d 540, 541 (E.D. Pa. 2004) ("[Section] 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits."), appeal

dismissed, 418 F.3d 372 (3d Cir. 2005). Accordingly, consistent with the plain language of Section 1915(a)(1) (quoted above), "[a] district court has discretion to grant or deny an [IFP] petition filed under [Section] 1915." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (emphasis added); see also Blakely v. Wards, 738 F.3d 607, 612 (4th Cir. 2013) (en banc) ("[P]er Section 1915(a)[,] . . . a court 'may authorize,' i.e., has the discretion to allow, the commencement of a suit without prepayment of fees. . . . Thus, under Section 1915(a), Congress vested in courts the authority to decide whether to grant [IFP] status." (quoting 28 U.S.C. § 1915(a)(1))).

Moreover, the United States Court of Appeals for the Fourth Circuit explicitly has "agree[d] with the D.C. Circuit that '[the] authority to deny IFP status to a [litigant] who has abused the privilege is clear.'" Blakely, 738 F.3d at 612 (internal ellipsis omitted) (quoting Butler v. Department of Justice, 492 F.3d 440, 445 (D.C. Cir. 2007)); see also id. at 619 (Wilkinson, J., concurring) ("As the majority properly notes, . . . [courts] possess ample discretion to deny [an abusive litigant's IFP] request under the residual authority conferred upon courts by [Section] 1915(a). . . . To that end, the [IFP] statute provides that 'any court of the United States may authorize' a [litigant] to proceed IFP; it does not say that a court must do so." (emphasis omitted) (quoting Section 1915(a)(1))), 623 (documenting that

5

"Judges Niemeyer, Keenan, and Diaz . . . join[ed Judge Wilkinson's concurring] opinion"), 624 (Duncan, J., concurring in the judgment) (stating that "[c]ourts can address [IFP requests by abusive litigants] by exercising their authority under [Section] 1915(a)" and "concur[ring] in the majority's decision to deny [] IFP status [in that case], but [] do[ing] so based on [such] discretionary authority"); Dillard, 626 F.2d at 364 (recognizing that, in exercising discretion granted by Section 1915(a), courts may consider "good faith of the applicant" and "eviden[ce of] improper motive" (internal quotation marks omitted)). "Indeed, the Supreme Court has gone so far as to say that it has 'a duty to deny [IFP] status to those individuals who have abused the system.'" Butler, 492 F.3d at 445 (emphasis omitted) (quoting In re Sindram, 498 U.S. 177, 180 (1991)). Likewise, all "[f]ederal courts have the obligation to reserve their attention for those litigants who have not previously abused the system." Blakely, 738 F.3d at 623; see also id. (noting that "Congress too has an interest in not having the resources of a coordinate branch misused and squandered").

As a result, "this Court has the discretionary authority to deny permission to proceed IFP where . . . a litigant has a longstanding, clear pattern of abusive filings." McFadden v. McKay, No. 2:17CV252, 2017 WL 11249763, at *8 (D.S.C. Aug. 18, 2017) (internal quotation marks omitted), recommendation adopted, 2019 WL 1929889 (D.S.C. May 1, 2019); see also Straw v. United

States, Nos. 2021-1600, 2021-1602, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) ("Courts have discretion to limit a party's permission to proceed [IFP] where they have exhibited a history of frivolous or abusive filings."); In re Grenadier, No. 1:18MC10, 2018 WL 3233648, at *9 (E.D. Va. July 2, 2018) (explaining that courts may deny IFP status to litigants with history of abusive filings, "regardless of the subject matter of [any newly] proposed action"), aff'd, 753 F. App'x 178 (4th Cir. 2019). In that regard, "[i]n deciding whether to exercise their discretion to deny a request for IFP filing status, courts may consider the 'number, content, frequency, and disposition of the [litigant's] previous filings.'" Blakely, 738 F.3d at 620 (quoting Butler, 492 F.3d at 445); see also Hall v. United States, 44 F.4th 218, 223 n.2 (4th Cir. 2022) (citing with approval "holding [of another court] that[,] in deciding to revoke a litigant's IFP status, the [c]ourt considers the number, content, frequency, and disposition of the litigant's previous filings to determine if there is a pattern of abusing the IFP privilege in the litigation history" and observing that Fourth Circuit "recently upheld a district court's use of these factors" (internal brackets and quotation marks omitted) (citing Ruston v. United States Secret Serv., 751 F. Supp. 2d 59, 61 (D.D.C. 2010) (following Butler), and Grenadier, 2018 WL 3233648, at *9 (same), respectively).

7

## Analysis

"Applying th[e foregoing] standard here, [Plaintiff's] profligate filing history surely warrants denial of his [instant A]pplication[s]." Blakely, 738 F.3d at 620. "With respect to the number and frequency of his filings," id., a search of this Court's CM/ECF system revealed approximately 100 civil actions (with IFP applications), which Plaintiff has filed in this Court since July 12, 2019; thus, "it is beyond dispute that he is a prolific filer in terms of both number and frequency," id. at 621; see also id. (making such assessment where litigant "initiated at least seventeen cases in a single federal district court during just the 1998 and 2012 calendar years"); McFadden, 2017 WL 11249763, at *7 (deeming litigant "a prolific filer" where "he ha[d] been a plaintiff in over thirty [42 U.S.C.] § 1983 actions").[1]

---

[1] Additionally, early this year, in connection with Plaintiff's failed appeal of a neighboring court's dismissal of an action filed in this Court but transferred to that court, see Allen v. Coffey, No. 5:20CV144, 2021 WL 3684247, at *1 (E.D.N.C. Aug. 18, 2021) (granting motion to dismiss for failure to state a claim and discussing procedural history), aff'd, No. 21-1934, 2022 WL 34152, at *1 (4th Cir. Jan. 4, 2022), the Fourth Circuit took note of "nearly two dozen unsuccessful appeals that [Plaintiff] ha[d] filed in the last two years," Allen, 2022 WL 34152, at *1, as well as the "recent[] increase[ in] the frequency of his [appellate] filings, as there [we]re over a dozen other appeals [then] pending in th[e Fourth Circuit]," id. In light of those developments:

> [The Fourth Circuit] order[ed Plaintiff] to show cause why he should not be monetarily sanctioned for his excessive filing and why he should not be enjoined from filing further appeals, petitions, and motions relating to any civil matter in th[e Fourth Circuit] unless any
> (continued...)

8

"The third factor for [the Court's] consideration, the disposition of [Plaintiff's] previous actions, also militates against [the instant A]pplication[s]," Blakely, 738 F.3d at 621, as – of the above-referenced 100 cases – only two made it past this Court's initial screening under 28 U.S.C. § 1915(e)(2)(B), with:

1) one of those two cases proceeding only as to one claim against one defendant (from among ten claims originally asserted against ten defendants), see Allen v. Elwell, No. 1:19CV766, Docket Entry 19 (M.D.N.C. Oct. 6, 2021), appeal dismissed, No. 21-2142, 2022 WL 523077 (4th Cir. Feb. 22, 2022), which lone (initially) surviving claim (ultimately) proved fatally defective (due to res

---

[1](...continued)
sanctions are paid and a district court judge certifies that the appeal [Plaintiff] seeks to file is not frivolous.

Id. Plaintiff responded, inter alia, that he was "not going to pay [the Fourth Circuit] a dime," Allen v. Coffey, No. 21-1934, Docket Entry 13, at 1 (4th Cir. Jan. 26, 2022), he "ha[d] no respect for th[e Fourth Circuit,] and [he] th[ought both the Fourth Circuit] and the United States Supreme Court [were] a joke," id. (all-caps font omitted); see also id. ("Do what you want, because I am paying you nothing and you can bar me[.] I will move and sue you in another state for violating my First Amendment [right] to petition the government for a redress of grievances." (all-caps font and concluding ellipsis omitted)). The Fourth Circuit thereafter "conclude[d] that a prefiling review system [wa]s warranted," Allen v. Coffey, No. 21-1934, Docket Entry 14, at 1 (4th Cir. Mar. 23, 2022) (unpublished), and "enjoin[ed Plaintiff] from filing any civil appeal in th[e Fourth Circuit] unless a district court judge has certified that the appeal is not frivolous," id. at 1-2; see also id. at 2 ("We further enjoin [Plaintiff], in any civil matter, from filing any original action, petition, or motion in this court unless this court has certified that the filing is not frivolous. Any document failing to meet these requirements will be returned to [him] without being placed on the court's docket.").

judicata), see Allen v. Elwell, No. 1:19CV766, 2022 WL 16635378, at *13 (M.D.N.C. Nov. 2, 2022); and

2) the other of those two cases subsequently incurring dismissal of all but one of its four claims (upon motion of the defendants), see Allen v. Wire, No. 1:19CV689, 2020 WL 4586722, at *7 (M.D.N.C. Aug. 10, 2020), recommendation adopted, 2020 WL 5549104 (M.D.N.C. Sept. 16, 2020), appeal dismissed, 837 F. App'x 251 (4th Cir.), cert. dismissed,     U.S.    , 141 S. Ct. 2879 (2021),[2] which remaining claim the Court also later concluded "fail[ed] as a matter of law," Allen v. Wire, No. 1:19CV689, 2022 WL 3716504, at *10 (M.D.N.C. Aug. 29, 2022), recommendation adopted, 2022 WL 4329700 (M.D.N.C. Sept. 19, 2022), appeal filed, No. 22-277 (4th Cir. Sept. 21, 2022).

"In short, [Plaintiff cannot] point to a single [civil] case . . . that has resulted in a final ruling in his favor." Blakely, 738 F.3d at 621; see also Grenadier, 2018 WL 3233648, at *9 ("Given that [the plaintiff] has failed to bring a meritorious action in a single one of [her 24 civil] cases[,] . . . revocation of [her] right to proceed [IFP] is clearly appropriate." (italics omitted)).

_____

[2] Notably, in dismissing that certiorari petition, the Supreme Court held that "[Plaintiff] ha[d] repeatedly abused th[e Supreme] Court's process, [such that] the Clerk [of the Supreme Court wa]s directed not to accept any further petition in noncriminal matters from [Plaintiff] unless the docketing fee required by [Supreme Court] Rule 38(a) [wa]s paid and [the] petition submitted [was] in compliance with [Supreme Court] Rule 33.1." Allen,     U.S. at     , 141 S. Ct. at 2879; accord Allen v. Town of Cary Police Dep't,     U.S.    , 141 S. Ct. 2691 (2021).

10

That record of futility comes as no surprise "when one considers the content of [Plaintiff's prior] claims, the final factor that guides [the Court's] discretionary inquiry," Blakely, 738 F.3d at 621. See, e.g., Allen v. Better Dental, No. 1:22CV146, Text Recommendation (M.D.N.C. Feb. 23, 2022) (unpublished) ("[It is recommended] that the Court dismiss this action under [Section] 1915(e)(2)(B) as frivolous and for failure to state a claim, due to the lack of any factual allegations in [the c]omplaint showing that [the d]efendants (three dental practices which failed to provide the type(s) of service(s) that Plaintiff desired) acted under color of state law so as to trigger potential civil liability for violations of the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution (as made actionable via [Section] 1983), a requirement about which the Court has advised Plaintiff repeatedly in connection with many prior actions. The demand in [the c]omplaint that '[the d]efendants be imprisoned pursuant to 18 USC 242' further underscores the frivolous nature of this action, in that (A) Plaintiff cannot bring an action (civil or criminal) under that federal criminal statute, (B) imprisonment does not constitute an available remedy in any federal civil action he could bring, and (C) dental practices cannot go to prison."), recommendation adopted, 2022 WL 789160 (M.D.N.C. Mar. 8, 2022), aff'd, No. 22-1281, 2022 WL 2987954 (4th Cir. July 28, 2022); Allen v. Bennett, No. 1:20CV184, 2021 WL 4391940, at *3-5 & n.5 (M.D.N.C.

11

Sept. 24, 2021) (recommending dismissal of Section 1983 action against all seven defendants because, inter alia, Plaintiff's pleading (A) "rest[ed] upon implausible allegations," a "conclusory and somewhat outlandish [conspiracy] theory," as well as "mere speculation," (B) "lack[ed necessary] factual matter" and impermissibly relied on "respondeat superior theories," and (C) named some defendants which did not "qualify as legal entities subject to suit" and defendant-municipality without requisite showing of "policy or custom" (internal quotation marks omitted)), recommendation adopted, 2021 WL 4521378 (M.D.N.C. Oct. 4, 2021), aff'd, No. 21-2129, 2022 WL 523079 (4th Cir. Feb. 22, 2022); Allen v. Manpower, Inc., No. 1:19CV1191, 2021 WL 4310551, at *3-4 (M.D.N.C. Sept. 22, 2021) (recommending dismissal under Section 1915(e)(2)(B) of action brought against four defendants under Section 1983 and various employment discrimination statutes, because, inter alia, "the [c]omplaint lack[ed] factual matter establishing state action" and/or causation, "relying instead on conclusory assertions that Plaintiff was discriminated against [by private business] because he is 41 years of age, [because he is] not a female with enormous buttocks[,] and because he is an African American with a learning disability" (internal quotation marks and brackets omitted)), recommendation adopted, 2021 WL 4462712 (M.D.N.C. Sept. 29, 2021), aff'd, Nos. 21-2109, 21-2114, 2022 WL 523080 (4th Cir. Feb. 22, 2022); Allen v. Durham Cnty. Health

12

<u>Dep't</u>, No. 1:21CV536, Text Recommendation (M.D.N.C. July 11, 2021) (unpublished) ("[It is recommended] that the Court dismiss this action, pursuant to [Section] 1915(e)(2)(B), as frivolous and for failure to state [a] claim. . . . [A]s [the c]omplaint acknowledges, Plaintiff previously filed a nearly identical lawsuit in this Court (1:21CV497), as to which the issuing Magistrate Judge entered a recommendation of dismissal. Plaintiff could have timely filed objections to that recommendation . . ., but he cannot simply file a duplicative action . . . . The Court should dismiss this (new) action for the same reasons noted in connection with the recommendation of dismissal in that prior action."), <u>recommendation adopted</u>, 2021 WL 4089022 (M.D.N.C. Aug. 31, 2021), <u>aff'd</u>, No. 21-1984, 2021 WL 5985543 (4th Cir. Dec. 17, 2021); <u>Allen v. Director of Election</u>, No. 1:20CV1081, 2021 WL 1739262, at *1-2 (M.D.N.C. Apr. 20, 2021) ("Plaintiff, a former pretrial detainee in Durham County, North Carolina, submitted a pro se complaint under [Section] 1983 and request[ed] permission to proceed [IFP] . . . . The [c]omplaint names several persons or entities as [d]efendants and alleges that they prevented Plaintiff from voting in the general election held in November of 2020. It seeks $2 billion dollars in actual damages and an equal amount in punitive damages. . . . [The complaint] contains no facts supporting an intentional, as opposed to negligent, action by the[ election board d]efendants . . . . [T]he [d]etention [c]enter is a building, not a person[

13

under Section] 1983 . . . . [The complaint] contains no facts supporting a claim that [the detention facility defendants] intentionally violated Plaintiff's rights." (italics omitted)), recommendation adopted, 2021 WL 1738960 (M.D.N.C. May 3, 2021); Allen v. Correct Care Solutions, No. 1:21CV146, 2021 WL 954624, at *2-3 (M.D.N.C. Mar. 4, 2021) ("Plaintiff's claim is that [the d]efendants improperly denied him soy milk and snack bags. . . . [The d]efendant[-d]etention [f]acility is a building and not a person.  Only persons are amenable to suit under [Section] 1983. . . . The [c]omplaint also names . . . supervisors over the [d]etention [f]acility . . . .  However, the [c]omplaint also provides no basis for liability on their part . . . .  Similarly, the [c]omplaint provides no basis for liability on the part of [the d]efendant[-health care contractor] . . . .  [O]nly [the d]efendant[-n]urse [] remains.  The [c]omplaint actually makes no specific allegation as to her either . . . .  [E]ven if [she] is the nurse who denied Plaintiff's dietary request [for soy milk and snack bags], the claim against her still fails . . . .  Plaintiff has no general federal constitutional right to a diet of his choosing."), recommendation adopted, 2021 WL 949633 (M.D.N.C. Mar. 12, 2021), aff'd, 853 F. App'x 858 (4th Cir. 2021); Allen v. Jordan, No. 1:19CV700, 2020 WL 137304, at *5 (M.D.N.C. Jan. 13, 2020) ("The [c]omplaint does not allege that a policy or custom of the [defendant-municipality] caused any constitutional deprivation

14

by [the individual-d]efendants . . . and/or any discriminatory conduct by [them] . . . . Further, the [c]omplaint relies on statutes that do not apply against [the d]efendants. Finally, the [c]omplaint establishes that [the d]efendants conducted a thorough investigation and determined that Plaintiff did not suffer from any discriminatory housing practices."), recommendation adopted, slip op. (M.D.N.C. Mar. 3, 2020);[3] Allen v. North Carolina Office of Admin. Hearings, No. 1:19CV786, 2019 WL 6682942, at *3 (M.D.N.C. Dec. 6, 2019) ("[The defendant-]state agencies do not constitute 'persons' subject to suit under Section 1983. . . . Because the [c]omplaint seeks only damages, the Court should dismiss all official capacity claims against [the individual d]efendant[s employed by state agencies]. . . . As a final matter, beyond naming them as [d]efendants, the [c]omplaint does not even so much as mention [the individual d]efendant[s] . . . . Thus, the [c]omplaint fails to establish a Section 1983 claim against [them] . . . ."), recommendation adopted, 2020 WL 353539 (M.D.N.C. Jan. 21, 2020), aff'd, 805 F. App'x 246 (4th Cir.), cert. denied,

---

[3] Prior to the entry of a final judgment in the above-cited case, Plaintiff took an unauthorized interlocutory appeal and then frivolously sought Supreme Court review of the dismissal of that frivolous appeal (after which he frivolously requested rehearing of the denial of certiorari). See Allen v. Jordan, 801 F. App'x 182 (4th Cir.), cert. denied, ___ U.S. ___, 141 S. Ct. 282 (2020), reh'g denied, ___ U.S. ___, 141 S. Ct. 1133 (2021). Plaintiff engaged in similar, frivolous, appellate litigation patterns in other cases as well. See, e.g., Allen v. Moore, 808 F. App'x 212 (4th Cir.), cert. denied, ___ U.S. ___, 141 S. Ct. 324, reh'g denied, ___ U.S. ___, 141 S. Ct. 969 (2020).

15

U.S.    , 141 S. Ct. 382 (2020); <u>Allen v. Mine</u>, No. 1:19CV750, 2019 WL 6529460, at *4 (M.D.N.C. Dec. 4, 2019) ("Even assuming the [c]omplaint asserted claims against proper defendants, it would ultimately fail as frivolous for lack of any constitutional right to require a State Bar to process a grievance or conduct an investigation . . . ."), <u>recommendation adopted</u>, slip op. (M.D.N.C. Jan. 21, 2020), <u>aff'd</u>, 801 F. App'x 181 (4th Cir.), <u>cert. denied</u>,    U.S.    , 141 S. Ct. 282 (2020); <u>see also</u> <u>Allen v. Durham Cnty. Magistrate Office</u>, No. 21-1916, 2021 WL 6102081, at *1 (4th Cir. Dec. 22, 2021) (upholding determination that "[Plaintiff] qualified as a three-striker under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)").

As reflected in the preceding citation string (which, in the interest of brevity, catalogs only a representative sample of his long-running pattern of litigation abuse), Plaintiff has amassed an extensive record not only of filing frivolous actions, but also of consistently making claims that suffer from the <u>same</u> patent defects, such as (A) lack of any showing of state action (for constitutional violations), (B) reliance on conclusory allegations and/or inapplicable notions of respondeat superior liability, and (C) identification of defendants not subject to suit (including pursuit of damages under Section 1983 from state agencies and their employees in their official capacities). Moreover, Plaintiff has continued to compile that lengthy history of abusive filings

16

despite the fact that the Court (per Chief United States District Judge Thomas D. Schroeder) directed Plaintiff to stop that course of conduct (or face sanctions) years ago. See, e.g., Allen v. Davis, 1:20CV316, Docket Entry 11 at 1-2 (M.D.N.C. Nov. 16, 2020) (unpublished) ("Plaintiff is WARNED that this case was filed without any federal legal basis. Plaintiff, although proceeding pro se, nevertheless has a duty to investigate the legal and factual basis for any complaint he may file. . . . Frivolous actions like this detract the attention of the judges of this [C]ourt from the other cases on their dockets. Plaintiff must adhere to the standards of Rule 11 of the Federal Rules of Civil Procedure and cease filing frivolous actions, or sanctions (including an injunction barring the filing of further frivolous actions) will be entered by the [C]ourt." (underscoring omitted)), aff'd, 853 F. App'x 869 (4th Cir. 2021); Allen v. Suntrust Bank, No. 1:20CV293, Docket Entry 10 at 1-2 (M.D.N.C. Aug. 21, 2020) (unpublished) ("[Plaintiff] has filed multiple cases raising frivolous claims in this [C]ourt. He is now strongly cautioned not to file claims lacking a legal and/or factual basis in violation of Federal Rule of Civil Procedure 11. . . . Sanctions, including a pre-filing injunction, are options available to the [C]ourt to address continued frivolous filings." (emphasis omitted)), aff'd, 832 F. App'x 820 (4th Cir.), cert. dismissed,    U.S.    , 141 S. Ct. 2659 (2021).

17

Additionally, even after the Court (per the undersigned Magistrate Judge) highlighted (on multiple occasions) the habitual (fatal) flaws in Plaintiff's prior lawsuits and warned him that his "persistence in filing frivolous federal actions supports the denial of future pauper applications under the discretionary authority of [Section] 1915(a)(1), without consideration of the substance of his related complaints under the provisions of Section 1915(e)(2)(B)," Allen v. Golds Gym - Burlington, No. 1:22CV574, Text Recommendation (M.D.N.C. July 22, 2022) (unpublished) (emphasizing that, "the Court repeatedly has advised Plaintiff of each of the [] requirements/prohibitions [which doomed his claims in that case] (i.e., the state-action requirement, police departments' lack of capacity to sue or be sued, the custom/policy requirement for claims against local governments, the prohibition on liability against high-ranking government officials based merely on their title/position (rather than their acts or omissions), and the prohibition against reliance on conclusory allegations" and citing Blakely, 738 F.3d at 612, 619-22, 624), recommendation adopted, slip op. (M.D.N.C. Aug. 19, 2022); accord, e.g., Allen v. Coggins, No. 1:22CV575, Text Recommendation (M.D.N.C. July 22, 2022) (unpublished), recommendation adopted, slip op. (M.D.N.C. Aug. 19, 2022), appeal filed, No. 22-259 (4th Cir. Aug. 22, 2022); Allen v. O'Neal, No. 1:22CV532, Text Recommendation (M.D.N.C. July 12, 2022) (unpublished), recommendation adopted, slip op. (M.D.N.C.

18

Aug. 8, 2022), appeal filed, No. 22-252 (4th Cir. Aug. 12, 2022),
Plaintiff has persisted in filing more actions rendered frivolous
by the same sorts of obvious deficiencies which the Court has
called to his attention over and over again, see Allen v. Uptown
Cheapskate, No. 1:22CV711, Text Recommendation (M.D.N.C. Sept. 6,
2022) (unpublished) (recommending dismissal "under [Section]
1915(e)(2)(B) as frivolous and for failure to state a claim" and
reiterating that "the Court repeatedly has advised Plaintiff of
. . . the state-action requirement, the frivolousness of his
attempts to convert routine consumer disputes into federal
constitutional claims, municipal departments' lack of capacity to
sue or be sued, the custom/policy requirement for claims against
local governmental entities, the prohibition on liability against
high-ranking government officials based merely on their
title/position (rather than their acts or omissions), and the
prohibition against reliance on conclusory allegations"),
recommendation adopted, slip op. (M.D.N.C. Oct. 4, 2022), appeal
filed, No. 22-294 (4th Cir. Oct. 20, 2022); accord, e.g., Allen v.
O'Neal, No. 1:22CV751, Text Recommendation (M.D.N.C. Sept. 21,
2022) (unpublished), recommendation adopted, slip op. (M.D.N.C.
Oct. 19, 2022); Allen v. Durham Cnty. Library, No. 1:22CV796, Text
Recommendation (M.D.N.C. Sept. 23, 2022) (unpublished),
recommendation adopted, slip op. (M.D.N.C. Oct. 21, 2022), appeal
filed, No. 22-305 (4th Cir. Oct. 24, 2022).

19

"In sum, all four factors – the number, frequency, disposition, and content of [Plaintiff's] filings – cut against [the instant A]pplication[s]." Blakely, 738 F.3d at 622. Put another way, "[Plaintiff] has plainly abused the IFP [s]tatute and in doing so has necessitated a disproportionate expenditure of scarce judicial resources to deal with [his IFP] motions [and] complaints," Grenadier, 2018 WL 3233648, at *9 (italics omitted), warranting "the Court['s use of its] discretionary authority to deny [the instant Applications for] permission to proceed IFP . . . [due to Plaintiff's] longstanding, clear pattern of abusive filings," McFadden, 2017 WL 11249763, at *8 (internal quotation marks omitted); see also Sapp v. Charlotte-Mecklenburg Police Dep't, Nos. 3:22CV412, 3:22CV416, 3:22CV494, 3:22CV495, 3:22CV518, 3:22CV519, 3:22CV525, 3:22CV528, 2022 WL 5265157, at *2 (W.D.N.C. Oct. 6, 2022) ("The [c]ourt has carefully reviewed the [p]laintiff's recent filings . . . and concludes that [he] is engaging in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and lack of good faith. Accordingly, the [c]ourt will exercise its discretion to deny authorization to proceed [IFP]."); Jordan v. Lott, No. 3:20CV3103, 2021 WL 4841243, at *2 (D.S.C. Oct. 18, 2021) ("[The plaintiff] is a frequent filer of federal lawsuits and filed at least twenty-four lawsuits in 2018–19. In the 20 days preceding this order, [she] filed five lawsuits. The [c]ourt granted [her]

[IFP] status in several of her cases, and each case was summarily dismissed or recommended for summary dismissal, for failure to state a claim upon which relief may be granted. [She] has repeatedly been informed . . . that federal courts are courts of limited jurisdiction. [She], however, persists in filing lawsuits . . . that are facially inadequate to state plausible federal claims, [] placing an unreasonable demand on limited judicial resources. . . . Thus, [the plaintiff] has also failed to satisfy the good faith . . . requirement for [IFP] status . . . . [Her] motion to proceed [IFP] is denied." (internal block quote formatting, brackets, and all-caps font omitted)).

## Conclusion

"[B]ecause [Plaintiff] is a serial filer who has taken undue advantage of IFP status, it [is] a proper exercise of [the Court's] discretion to require [him] to shoulder up front the cost of his filing fees before proceeding in this [C]ourt." Blakely, 738 F.3d at 622; see also McDonald, 489 U.S. at 184 ("Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of [a litigant's] frivolous [filings] . . . does not promote that end.").

21

**IT IS THEREFORE ORDERED** that Plaintiff's Applications in the above-captioned cases (1:21CV551, Docket Entry 1; 1:21CV708, Docket Entry 1; 1:22CV60, Docket Entry 1; 1:22CV199, Docket Entry 1; 1:22CV280, Docket Entry 1; 1:22CV750, Docket Entry 1; 1:22CV888, Docket Entry 1; 1:22CV940, Docket Entry 1) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee in each of the above-captioned actions by November 29, 2022. Failure by Plaintiff to comply with this Order shall result in the dismissal without prejudice of any of the above-captioned actions as to which he has failed to pay the filing fee.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 15, 2022

22